UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADVANTA-STAR AUTOMOTIVE RESEARCH CORPORATION OF AMERICA | CIVIL ACTION<br><br>NO. 20-3454 |
| VERSUS | SECTION M (4) |
| MAXIMIZED MARKETING, LLC, *et al.* | |

# ORDER & REASONS

Before the Court is a motion by third-party defendant Hite Digital, LLC ("Hite") to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process arguing that the claims made against it by defendant and third-party plaintiff Richard Baldwin must be dismissed because Hite was served more than 90 days after the third-party complaint was filed.[1]  Baldwin and plaintiff Advanta-STAR Automotive Research Corporation of America respond in opposition arguing that dismissal is unwarranted because Hite has been served.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies Hite's motion.

Baldwin filed his third-party complaint against Hite on July 30, 2021.[3] On December 13, 2021, this Court ordered Baldwin to file into the record, on or before January 21, 2022, the return of service of process on Hite.[4] In response, Baldwin filed an affidavit of service showing that Hite was served with process on December 22, 2021.[5] On January 25, 2022, despite having then been

---

[1] R. Doc. 42.
[2] R. Docs. 56; 57.
[3] R. Doc. 28.
[4] R. Doc. 39.
[5] R. Doc. 40.

1

served with the third-party complaint, Hite filed the instant motion to dismiss.[6]  It later filed an answer.[7]

Under Rule 12(b)(5), a defendant may seek the dismissal of a pleading for insufficient service of process.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, Hite asks the Court to dismiss Baldwin's third-party complaint because it was not served within 90 days of filing.  Dismissal under these circumstances is unwarranted and would be wasteful.  Rule 4(m) allows the Court to either order service within a certain time or dismiss the action without prejudice.  On its own motion, the Court ordered that Baldwin file a return of service on Hite by January 21, 2022, or face dismissal of his third-party complaint.  This order was tantamount to an "order that service be made within a specified time."  *See Ross v. Bob Dean Enters., Inc.*, 2013 WL 393108, at *4 (E.D. La. Jan. 13, 2013) (applying Fed. R. Civ. P. 4(m) to call docket order extending time for service of process).  Hite was served within the newly specified timeframe, thereby satisfying the Court's call docket.[8]  Consequently, dismissing the third-party claims against Hite now, even without prejudice, serves no purpose, especially considering that Hite has already answered and has suffered no discernable prejudice by the delayed service.

---

[6] R. Doc. 42.
[7] R. Doc. 55.
[8] R. Doc. 51.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Hite's Rule 12(b)(5) motion to dismiss (R. Doc. 42) is DENIED.

New Orleans, Louisiana, this 24th day of February, 2022.

                                                                          BARRY W. ASHE
                                                                          UNITED STATES DISTRICT JUDGE